UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO DUGAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAK "N" SAVE STORE #3111,<br><br>　　　　Defendant. | Case No.  21-cv-08904-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

The Court previously granted Plaintiff's Application to Proceed in Forma Pauperis. (Dkt. No. 5.) It must now review the complaint's allegations under 28 U.S.C. § 1915. Because Plaintiff's claims do not comply with Federal Rule of Civil Procedure 8, the Court gives Plaintiff the opportunity to amend the complaint.

**COMPLAINT ALLEGATIONS**

Defendant operates a store at 555 Floresta Boulevard in San Leandro, California. In May 2021, Plaintiff went to the store to apply for a job and was directed to an upstairs break room for an interview. After waiting while another person was interviewed, Plaintiff interviewed with a manager for a "night stocker" position. (Dkt. No. 1 at 2.) Plaintiff gave the manager his email address and phone number, and left. Plaintiff never heard back after the interview.

In August 2021, Plaintiff received a check and a letter from Defendant stating that Plaintiff had been terminated due to "Job Abandonment." (*Id.* at 3.) According to the letter, Plaintiff clocked in on June 28, 2021, but did not show up on June 29, June 30, or July 1. Plaintiff alleges that Defendant told another employee to clock Plaintiff in on June 28 or otherwise fraudulently clocked him in. He was not aware that he had been hired until he received the termination letter. As a result of not being able to work for Defendant, Plaintiff alleges that he was evicted and is

currently homeless.

Plaintiff brings claims for "constructive dismissal" and "wrongful [] termination," citing Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 2922 of the California Labor Code.  (*Id.* at 1, 5.)

## LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege facts that plausibly establish each defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015).  "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'"  *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)."  *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiff is proceeding without representation by a lawyer.  While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

## DISCUSSION

### I.   Constructive Discharge

Constructive discharge does not provide a cause of action for Plaintiff. "Standing alone, constructive discharge is neither a tort nor a breach of contract, but a doctrine that transforms what is ostensibly a resignation into a firing. Even after establishing *constructive* discharge, an employee must independently prove a breach of contract or tort in connection with employment termination in order to obtain damages for *wrongful* discharge." *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1030 (Cal. 1994) (in bank). "An employee may prove, for example, that a constructive discharge is a breach of an express or implied contract of employment. In the absence of an express or implied agreement to the contrary, an employment relationship without a fixed term is presumed to be validly terminable at the will of either party, employer or employee, at any time." *Id.* Plaintiff's complaint does not allege an express or implied agreement that he would be employed for a particular length of time. Moreover, Plaintiff's complaint does not allege that Defendant's conduct caused him to ostensibly resign; rather, it alleges that Defendant terminated Plaintiff before Plaintiff even knew he was employed. Thus, Plaintiff's claim of constructive discharge does not entitle him to any relief.

### II.   Wrongful Termination

The elements of a claim for wrongful termination under California law are: (1) the plaintiff was employed by the defendant; (2) the defendant discharged the plaintiff; (3) a violation of public policy was a motivating reason for the discharge; and (4) the discharge harmed the plaintiff. *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 1009 (E.D. Cal. 2016). The relevant public policy must be "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it inures to the benefit of the public rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." *Id.* (cleaned up). Plaintiff's complaint does not identify any public policy violated by his alleged termination. He cites to a statutory provision which states: "An employment, having no specified

term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month." Cal. Lab. Code § 2922. The complaint does not allege that Plaintiff's employment by Defendant had a specified term; indeed, he alleges that he was not told Defendant hired him. Thus, the cited provision does not articulate a public policy violated by Plaintiff's termination. Similarly, while Title VII articulates a public policy against discrimination, *see Phillips v. St. Mary Reg'l Med. Ctr.*, 116 Cal. Rptr. 2d 770, 781–85 (Cal. Ct. App. 2002), as explained below the complaint does not allege facts sufficient to support an inference that Plaintiff's termination violated that public policy. Accordingly, Plaintiff's claim for wrongful termination does not comply with Rule 8.

### III.  Title VII

The elements of a prima facie claim of discrimination under Title VII are: "(1) the plaintiff belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably" or "other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000). Title VII forbids discrimination on the basis of "race, color, religion, sex, [and] national origin." 42 U.S. Code § 2000e–2(a)(1). Plaintiff's complaint does not identify his membership in any protected class or other circumstances giving rise to an inference of discrimination on the basis of race, color, religion, sex, or national origin. Again, he does not even allege facts that show he knew Defendant hired him. Thus, the complaint does not adequately allege facts to give Defendant "fair notice" of the Title VII claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### CONCLUSION

For the reasons explained above, the complaint as pleaded does not comply with Rule 8. If Plaintiff believes he can cure the deficiencies, or at least some of the deficiencies, the Court has identified, he may file an amended complaint on or before **February 11, 2022**. If he chooses to amend, Plaintiff should: set forth the complaint's allegations in separate numbered paragraphs; set

forth each claim in a separate numbered paragraph; and identify each factual allegation that supports each claim for relief. Additionally, Plaintiff is informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete. The amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, Plaintiff is warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could result in a report and recommendation that his complaint be dismissed. Similarly, failure to file an amended complaint that cures the above-identified deficiencies could also lead to a report and recommendation that his complaint be dismissed.

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. In light of the ongoing COVID-19 pandemic, Plaintiff should make a telephone appointment by calling (415) 782-8982. The website for the Northern District of California also has information for litigants who are not represented by counsel.

The initial case management conference scheduled for February 17, 2022 is vacated.

**IT IS SO ORDERED.**

Dated: January 11, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge